STATE OF NORTH CAROLINA v. SALVATURE A. MUSUMECI

No. 7626SC931

(Filed 20 April 1977)

**Criminal Law §§ 159, 166— failure to comply with appellate rules — dismissal of appeal**

Appeal is dismissed for failure to comply with the Rules of Appellate Procedure where the items constituting the record on appeal are not arranged in the order in which they occurred as required by App. R. 9(b)(4); the indictment and warrant are not included as required by App. R. 9(b)(3)(iii); the verdict is not included as required by App. R. 9(b)(3)(vii); the court's charge is included even though no error is assigned thereto in violation of App. R. 9(b) (3)(vi); the record on appeal does not show that it was properly settled as required by App. R. 11; and appellant's brief contains no statement of the question presented for review as required by App. R. 28(b)(1), no concise statement of the case as required by App. R. 28(b)(2), and fails to refer to the assignments of error and exceptions and to identify the place in the record where the exceptions appear as required by App. R. 29(b)(3).

APPEAL by defendant from *Baley, Judge.* Judgment entered 30 September 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 April 1977.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Michael G. Plumides for defendant appellant.*

ARNOLD, Judge.

Appellant's record on appeal violates several of the Rules of Appellate Procedure. The items constituting the record on appeal are not, so far as practicable, arranged in the order in which they occurred. Rule 9(b)(4). The indictment and warrant are missing. Rule 9(b)(3)(iii). The verdict is missing.

Rule 9 (b) (3) (vii). The court's charge to the jury is included even though no error is assigned to the instructions. Rule 9 (b) (3) (vi).

The record on appeal does not show that it was properly settled. Attorneys for appellant served a copy of this record on the district attorney on 1 November 1976. On the same day, the appellant caused the record to be certified by the clerk of the superior court. No agreement appears in the record showing that it was settled between the parties per Rule 11 (a). Nor did any time elapse between the service of the proposed record and the certification thereof, and so the record could not have been settled by any of the alternative procedures provided in Rule 11 (b) and Rule 11 (c). Either the record was settled by agreement but the stipulation thereof was omitted in violation of Rule 11 (a), or the record was left unsettled and then erroneously certified in violation of Rule 11 (e).

Furthermore, appellant's brief violates the Rules of Appellate Procedure. It contains no statement of the question presented for review. Rule 28 (b) (1). It contains no concise statement of the case. Rule 28 (b) (2). It makes no reference to the assignments of error and pertinent exceptions; nor does it identify the place in the record where these exceptions appear. Rule 28 (b) (3).

For all these failures to comply with the rules the appeal is

Dismissed.

Judges MORRIS and HEDRICK concur.